WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Bryant and Andrea Bryant, individually and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>The City of Goodyear; William R. Newman, Jr. and Jane Doe Newman, husband and wife; Mark Brown and Jane Doe Brown, husband and wife; Ralph McLaughlin and Jane Doe McLaughlin, husband and wife; and Jeff Rogers and Jane Doe Rogers, husband and wife,<br><br>Defendants. | NO. CV-12-00319-PHX-JAT |

Pending before the Court are: (1) Defendants' Motion to Stay Discovery and Dispositive Motion Deadline (Doc. 90) and (2) Plaintiffs' Motion for Reconsideration of the Court's May 6, 2013 Order or alternatively Rule 60(b) Motion for Relief Reinstating Some State Claims Against Newman, McLaughlin (Doc. 85). The Court now rules on the Motions.

**I.    Background**

On February 15, 2012, Plaintiffs filed a complaint against Defendants (Doc. 1). On June 5, 2012, Plaintiffs filed an amended complaint against Defendants (Doc. 6). On June 7, 2012, the Amended Complaint was served on all Defendants, except for Defendant

Brown, who waived service on June 13, 2012. (Doc. 7-15). On September 14, 2012, Defendants filed a Motion to Dismiss (Doc. 30) and a Motion for Summary Judgment (Doc. 31). On May 6, 2013, the Court granted Defendants' motion for summary judgment in part and denied it in part and granted Defendants' motion to dismiss Plaintiffs' amended complaint. (Doc. 81). In that Order, the Court gave Plaintiffs leave to amend their Amended Complaint and extended the discovery deadline to August 1, 2013 and the dispositive motion deadline to August 30, 2013. (*Id.*).

On May 28, 2013, Plaintiffs filed a Second Amended Complaint. On June 19, 2013, Defendants moved to dismiss twenty-three of the twenty-five counts of the Second Amended Complaint. (Doc. 89).

## II.   Defendants' Motion to Stay Discovery and Dispositive Motion Deadline

Defendants seek a stay of the discovery and dispositive motions deadlines until the Court has ruled on their Motion to Dismiss the Second Amended Complaint. Plaintiffs object to a stay and an open-ended discovery extension and argue that further delay in the case would be unfair.

Defendants' request that this case be stayed is denied. However, in order to give the Court time to analyze Defendants' Motion to Dismiss, which has only been fully briefed since August 1, 2013, the Court will extend the discovery and dispositive motion deadlines as follows: all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by October 30, 2013 and all dispositive motions shall be filed no later than December 6, 2013. Such motions must be, in all respects, in full compliance with the Civil Local Rules.

## III.   Plaintiff's Motion for Reconsideration of the Court's May 6, 2013 Order or alternatively Rule 60(b) Motion for Relief Reinstating Some State Claims Against Newman, McLaughlin

Plaintiffs seek reconsideration of part of the Court's May 6, 2013 Order. In their Motion for Summary Judgment, Defendants argued that Plaintiffs' state law claims should be dismissed against Defendants Newman and Brown because Plaintiffs failed to properly comply with Arizona's Notice of Claim Statute, Arizona Revised Statutes section 12-

821.01(A). In its May 6, 2013 Order, the Court granted Defendants' Motion for Summary Judgment on that argument because Plaintiffs filed their complaint prior to serving their Notice of Claim on Defendants Newman and Brown. The Court specifically found:

> Plaintiffs filed their original complaint on February 15, 2012. Plaintiffs served their notice of claim on Defendants Newman and McLaughlin on March 6, 2012. Plaintiffs argue that "[t]he original complaint in this matter was filed on February 15, 2012 as a placeholder to avoid potential statute of limitations issues while the Bryants finalized their Notice of Claim." (Doc. 40 at 3). In Reply, Defendants argue that section 12-821.01 requires that the claim be submitted and rejected before a lawsuit is filed.
>
> Indeed, "[b]efore initiating an action for damages against a public entity, a claimant must provide a notice of claim to the entity in compliance with Arizona Revised Statutes (A.R.S.) section 12–821.01 (2003)." *Deer Valley Unified School Dist. No. 97 v. Houser*, 152 P.3d 490, 491 (Ariz. 2007). "The statutory requirements serve several important functions: They 'allow the public entity to investigate and assess liability, . . . permit the possibility of settlement prior to litigation, and . . . assist the public entity in financial planning and budgeting.'" *Id.* at 492 (internal citations omitted) (alterations in original).
>
> > Compliance with the notice provision of § 12–821.01(A) is a mandatory and essential prerequisite to such an action. Failure to comply with the statute is not cured by actual notice or substantial compliance. Rather, plaintiff's failure bars *any* claim against the entity or employee.
>
> *Harris v. Cochise Health Systems*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (internal quotations and citations omitted) (emphasis in original).
>
> Accordingly, because Plaintiffs filed suit before serving their notice of claim, Plaintiffs did not comply with Arizona Revised Statutes section 12-821.01 and, thus, their state law claims are barred. *See Andress v. City of Chandler*, 115, 7 P.3d 121, 124 (Ariz. Ct. App. 2000) (finding that allowing

3

plaintiff to file their lawsuit before serving public entities or their employee defendants with a notice of claim "would clearly defeat the pre-litigation notification and settlement purposes of the notice of claim statute"); *Arizona Dep't. of Revenue v. Dougherty*, 29 P.3d 862, 867 (Ariz. 2001) (stating that "the general claim statute requires exhaustion before action by making clear that no action may be maintained against a public entity without first filing a notice of claim.") (internal citation omitted).FN1

> FN1 The following unpublished opinions from the Arizona Court of Appeals have all reached the same conclusion: *Goldwater v. Parzych*, No. CA-CV 07-0060, 2007 WL 5471738, at *2 (Ariz. Ct. App. Oct. 23, 2007) (holding that where notice of claim was served after Plaintiff filed his complaint, Plaintiff's notice of claim was untimely as a matter of law and barred by section 12-821.01 because "Arizona courts have interpreted the claims statute, in accordance with the purpose of the statute, to require that a notice of claim must be filed and rejected by the public entity or public employee *before* a lawsuit can be filed.") (internal citation omitted) (emphasis in original); *Desert Heritage Ltd. Partnership v. City of Tucson*, No. CA-CV 2009-0176, 2010 WL 1931682, at *5 (Ariz. Ct. App. May 13, 2010) (reasoning that reading of section 12-821.01 that would require parties to file claim notices after litigation had begun would "render[] meaningless the purpose of § 12-821.01"); *Smith v. Johnston*, Nos. 2 CA-CV 2007-0145, 2 CA CV 2007-0061, 2008 WL 4292735, at *3 (Ariz. Ct. App. Sept. 19, 2008) (finding that "permitting a plaintiff to use his complaint as a notice of claim would wholly defeat the [purposes of the] statute") (internal citation omitted).
>
> Although the Court is not permitted to rely on these opinions under the Arizona Rules of Civil Procedure, the Court adopts the underlying reasoning in those opinions as an accurate statement of Arizona law.

4

> Accordingly, the state law claims as asserted against Defendants McLaughlin and Newman for malicious prosecution, defamation, abuse of process, false light/invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence per se, and negligence are dismissed.

(Doc. 81 at 8-9).

Plaintiffs argue that the Court should reconsider its ruling because the "basis for the Court's ruling only arose in Defendants' Reply [and] Plaintiffs had no opportunity to provide all applicable facts." (Doc. 85 at 2).

While Plaintiffs overstate the extent to which Defendants' argument was raised for the first time in reply, the exact nuance of Defendants' argument that the Court's ruling was based on was raised by Defendants as a reply to an argument Plaintiffs made in their response. Accordingly, the Court will consider Plaintiffs' arguments that the Court erred in finding that they did not properly comply with Arizona Revised Statutes section 12-821.01(A).

Plaintiffs argue that they complied with Arizona Revised Statutes section 12-821.01(A) because they did not serve their original complaint and only served their amended complaint after their notice of claim was denied. Plaintiffs argue that the plain language of Arizona Revised Statutes section 12-821.01(A) does not require that the notice of claim be served and disallowed before a complaint is filed. Plaintiffs further argue that, by filing an amended complaint after the notice of claim was denied, the amended complaint superseded the original complaint and, thus, this lawsuit was not "filed" until the amended complaint was filed. Plaintiffs also argue that the legislative intent and purpose of the statute were met in this case because Defendants were given more than 60 days to consider the Bryant's demand, investigate, budget if necessary, and settle with the Bryants prior to engaging in any litigation.

In Response, Defendants argue that Arizona case law has interpreted the Notice of Claim statute as requiring that a notice of claim be served and disallowed before a lawsuit

is filed. Defendants further argue that there is no substantive difference between Plaintiffs' original complaint and the amended complaint and, regardless of any difference, this case was filed before the notice of claim was served and disallowed as required by Arizona case law.

In Reply, Plaintiffs argue that this case is exceptional and they should not be held to the requirement that a claim must be filed and disallowed before a lawsuit may be maintained.

As noted above, Plaintiffs argue that, by filing an amended complaint after the notice of claim was denied, the amended complaint superseded the original complaint and, thus, this lawsuit was not "filed" until the amended complaint was filed. While it is true that, under federal law, the amended complaint superseded the original complaint, an amended complaint does not change the filing date of the lawsuit. To hold otherwise would mean that every time an amended complaint is filed, the Court would have to do a new statute of limitations analysis for claims asserted in the original complaint and reasserted in the amended complaint. Plaintiff has cited to no case law, and the Court can find no case law, where the filing date of the lawsuit is recalculated based on the filing of an amended complaint. Moreover, Plaintiffs' argument that the date of the lawsuit is recalculated based on the filing of an amended complaint is belied by their argument that they filed their original complaint as a placeholder to avoid potential statute of limitations issues. Accordingly, the date of the filing of the original complaint is the day this lawsuit was filed.

Plaintiffs' argument that the Arizona notice of claim statute does not by its terms require that the notice of claim be served and disallowed before a lawsuit may be filed is similarly unpersuasive. As discussed at length in the Court's May 6, 2013 Order, numerous Arizona cases, including Arizona Supreme Court cases, have interpreted Arizona's notice of claim statute as requiring a claim to be filed and disallowed before a lawsuit may be filed. Even if this Court were to disagree with that interpretation, this Court cannot replace its own opinion for that of the opinion of the Arizona Supreme Court interpreting an Arizona statute.

6

Although Plaintiff argues that this case should be an exception to the general rule that a notice of claim must be served and disallowed before a lawsuit is filed because it does not implicate the policy reasons behind requiring a notice of claim to be served and disallowed before filing a lawsuit, as noted in the Court's May 6, 2013 Order, Arizona courts have been clear that "[f]ailure to comply with the statute is not cured by actual notice or substantial compliance. Rather, plaintiff's failure bars *any* claim against the entity or employee." *Harris v. Cochise Health Systems*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (internal quotations and citations omitted) (emphasis in original). Accordingly, Plaintiffs are not entitled to a special exception to the requirements of Arizona Revised Statutes section 12-821.01(A) in this case.

## IV.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery and Dispositive Motion Deadline (Doc. 90) is granted in part and denied in part as follows: Defendants' Motion to Stay this case is denied. **IT IS ORDERED** amending the Court's Scheduling Order (Doc. 23) as follows: **IT IS ORDERED** that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by October 30, 2013. **IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than December 6, 2013. Such motions must be, in all respects, in full compliance with the Civil Local Rules.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of the Court's May 6, 2013 Order or alternatively Rule 60(b) Motion for Relief Reinstating Some State Claims Against Newman, McLaughlin (Doc. 85) is denied.

Dated this 6th day of August, 2013.

James A. Teilborg
Senior United States District Judge